**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TONY M. SAIN, SB# 251626
   E-Mail: Tony.Sain@lewisbrisbois.com
TORI L. N. BAKKEN, SB# 329069
   E-Mail: Tori.Bakken@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
CITY OF ANTIOCH

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DWAYNE ROBINSON, JR., individually, MANDINGO CAIN, individually, AMADEO GARCIA, JR., individually, ARON TYSON, individually, DAUNTE GELLINGTON, individually, ROBERT YOUNG, individually, TERRY THOMAS, individually,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CITY OF ANTIOCH, a municipal corporation, TAMMANY BROOKS, individually and in his officialy capacity as police chief for the CITY OF ANTIOCH; TONY MOREFIELD, individually and in his official capacity as interim police chief for the CITY OF ANTIOCH; STEVEN FORD, individually and in his official capacity as police chief for the CITY OF ANTIOCH; MATTHEW NUTT, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; ERIC ROMBOUGH, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; MORTEZA AMIRI, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; SCOTT DUGGAR, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; JOHN RAMIREZ, individually and in his official capacity as a police officer for the CITY OF ANTIOCH; TIMOTHY MANLY WILLIAMS, individually and in his official capacity as a | Case No. 3:23-cv-03773-SI<br><br>**DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED**<br><br>Trial Date:          None Set |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  police officer for the CITY OF ANTIOCH;
TOM LENDERMAN, individually and in his
2  official capacity as a police officer for the CITY
OF ANTIOCH; LOREN BLEDSOE,
3  individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
4  THOMAS SMITH, individually and in his
official capacity as a police officer for the CITY
5  OF ANTIOCH; CALVIN PRIETO,
individually and in his official capacity as a
6  police officer for the CITY OF ANTIOCH;
ANDREA RODRIGUEZ, individually and in
7  his official capacity as a police officer for the
CITY OF ANTIOCH; JONATHAN ADAMS,
8  individually and in his official capacity as a
police officer for the CITY OF ANTIOCH;
9  DEVEN WENGER, individually and in his
official capacity as a police officer for the CITY
10  OF ANTIOCH; DANIEL HARRIS,
individually and in his official capacity as a
11  police officer for the CITY OF ANTIOCH;
ROBERT GERBER, individually and in his
12  official capacity as a police officer for the CITY
OF ANTIOCH; KYLE HILL, individually and
13  in his official capacity as a police officer for the
CITY OF ANTIOCH; and DOES 1-100,
14  inclusive,

15          Defendant.

16

17       Defendant CITY OF ANTIOCH hereby answers Plaintiffs TERRY DEWAYNE ROBINSON,

18  JR., MANDINGO CAIN, AMADEO GARCIA JR., ARON TYSON, DAUNTE GELLINGTON,

19  ROBERT YOUNG, AND TERRY THOMAS's First Amended Complaint for Damages (Dkt. 9; Filed

20  August 9, 2023, hereafter referred to as the "Complaint") and Defendant hereby admits, denies, and

21  alleges as follows.

22                          **ANSWER TO COMPLAINT**

23       1.      Answering paragraph 1 of the Complaint, under the header "INTRODUCTION":

24  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to

25  answer the allegations contained within such paragraph, as stated, and on those grounds denies

26  generally and specifically each and every allegation contained therein.

27       2.      Answering paragraph 2 of the Complaint, under the header "INTRODUCTION":

28  Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129549778.1                           2                    Case No. 3:23-cv-03773-SI
DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

3. Answering paragraph 3 of the Complaint, under the header "INTRODUCTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

4. Answering paragraph 4 of the Complaint, under the header "INTRODUCTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

5. Answering paragraph 5 of the Complaint, under the header "INTRODUCTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

6. Answering paragraph 6 of the Complaint, under the header "JURISDICTION": Defendant admits that this Court has jurisdiction and venue is proper in this Court.  As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

7. Answering paragraph 7 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

8. Answering paragraph 8 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

9. Answering paragraph 9 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

10. Answering paragraph 10 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

11. Answering paragraph 11 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

12. Answering paragraph 12 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

13. Answering paragraph 13 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

14. Answering paragraph 14 of the Complaint, under the header "PARTIES": Defendant admits that Defendant City is a municipal entity. As to the remaining allegations in this paragraph, at present, Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

15. Answering paragraph 15 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

16. Answering paragraph 16 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

17. Answering paragraph 17 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

18. Answering paragraph 18 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

19. Answering paragraph 19 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

20. Answering paragraph 20 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

21. Answering paragraph 21 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

22.     Answering paragraph 22 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

23.     Answering paragraph 23 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

24.     Answering paragraph 24 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

25.     Answering paragraph 25 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

26.     Answering paragraph 26 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

27.     Answering paragraph 27 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

28.     Answering paragraph 28 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

29.     Answering paragraph 29 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

30.     Answering paragraph 30 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

31.     Answering paragraph 31 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

32.     Answering paragraph 32 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

33.     Answering paragraph 33 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

34.     Answering paragraph 34 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

35.     Answering paragraph 35 of the Complaint, under the header "PARTIES": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds denies generally and specifically each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

36.     Answering paragraph 36 of the Complaint, under the header "FACTUAL ALLEGATIONS": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

37.     Answering paragraph 37 of the Complaint, under the header "FACTUAL ALLEGATIONS": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

38.     Answering paragraph 38 of the Complaint, under the header "FACTUAL ALLEGATIONS": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

39.     Answering paragraph 39 of the Complaint, under the header "FACTUAL ALLEGATIONS": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

40.     Answering paragraph 40 of the Complaint, under the header "FACTUAL ALLEGATIONS": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

41.     Answering paragraph 41 of the Complaint, under the header "FACTUAL ALLEGATIONS": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  grounds deny generally and specifically each and every allegation contained therein – and Defendant

2  denies all liability and/or wrongdoing.

3      42.    Answering paragraph 42 of the Complaint, under the header "FACTUAL

4  ALLEGATIONS" and subheading "TERRY ROBINSON, JR.": Defendant does not have sufficient

5  knowledge, or information or belief, to enable Defendant to answer the allegations contained within

6  such paragraph, as stated, and on those grounds deny generally and specifically each and every

7  allegation contained therein – and Defendant denies all liability and/or wrongdoing.

8      43.    Answering paragraph 43 of the Complaint, under the header "FACTUAL

9  ALLEGATIONS" and subheading "TERRY ROBINSON, JR.": Defendant does not have sufficient

10  knowledge, or information or belief, to enable Defendant to answer the allegations contained within

11  such paragraph, as stated, and on those grounds deny generally and specifically each and every

12  allegation contained therein – and Defendant denies all liability and/or wrongdoing.

13      44.    Answering paragraph 44 of the Complaint, under the header "FACTUAL

14  ALLEGATIONS" and subheading "MANDINGO CAIN":  Defendant does not have sufficient

15  knowledge, or information or belief, to enable Defendant to answer the allegations contained within

16  such paragraph, as stated, and on those grounds deny generally and specifically each and every

17  allegation contained therein – and Defendant denies all liability and/or wrongdoing.

18      45.    Answering paragraph 45 of the Complaint, under the header "FACTUAL

19  ALLEGATIONS" and subheading "MANDINGO CAIN":  Defendant does not have sufficient

20  knowledge, or information or belief, to enable Defendant to answer the allegations contained within

21  such paragraph, as stated, and on those grounds deny generally and specifically each and every

22  allegation contained therein – and Defendant denies all liability and/or wrongdoing.

23      46.    Answering paragraph 46 of the Complaint, under the header "FACTUAL

24  ALLEGATIONS" and subheading "AMADEO GARCIA, JR.": Defendant does not have sufficient

25  knowledge, or information or belief, to enable Defendant to answer the allegations contained within

26  such paragraph, as stated, and on those grounds deny generally and specifically each and every

27  allegation contained therein – and Defendant denies all liability and/or wrongdoing.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

1     47.    Answering paragraph 47 of the Complaint, under the header "FACTUAL

2 ALLEGATIONS" and subheading "AMADEO GARCIA, JR.": Defendant does not have sufficient

3 knowledge, or information or belief, to enable Defendant to answer the allegations contained within

4 such paragraph, as stated, and on those grounds deny generally and specifically each and every

5 allegation contained therein – and Defendant denies all liability and/or wrongdoing.

6     48.    Answering paragraph 48 of the Complaint, under the header "FACTUAL

7 ALLEGATIONS" and subheading "ARON TYSON".  Defendant does not have sufficient

8 knowledge, or information or belief, to enable Defendant to answer the allegations contained within

9 such paragraph, as stated, and on those grounds deny generally and specifically each and every

10 allegation contained therein – and Defendant denies all liability and/or wrongdoing.

11     49.    Answering paragraph 49 of the Complaint, under the header "FACTUAL

12 ALLEGATIONS" and subheading "ARON TYSON".  Defendant does not have sufficient

13 knowledge, or information or belief, to enable Defendant to answer the allegations contained within

14 such paragraph, as stated, and on those grounds deny generally and specifically each and every

15 allegation contained therein – and Defendant denies all liability and/or wrongdoing.

16     50.    Answering paragraph 50 of the Complaint, under the header "FACTUAL

17 ALLEGATIONS" and subheading "DAUNTE GELLINGTON".  Defendant does not have

18 sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

19 contained within such paragraph, as stated, and on those grounds deny generally and specifically

20 each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

21     51.    Answering paragraph 51 of the Complaint, under the header "FACTUAL

22 ALLEGATIONS" and subheading "DAUNTE GELLINGTON".  Defendant does not have

23 sufficient knowledge, or information or belief, to enable Defendant to answer the allegations

24 contained within such paragraph, as stated, and on those grounds deny generally and specifically

25 each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

26     52.    Answering paragraph 52 of the Complaint, under the header "FACTUAL

27 ALLEGATIONS" and subheading "ROBERT YOUNG".  Defendant does not have sufficient

28 knowledge, or information or belief, to enable Defendant to answer the allegations contained within

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129549778.1       10      Case No. 3:23-cv-03773-SI

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

1   such paragraph, as stated, and on those grounds deny generally and specifically each and every

2   allegation contained therein – and Defendant denies all liability and/or wrongdoing.

3       53.     Answering paragraph 53 of the Complaint, under the header "FACTUAL

4   ALLEGATIONS" and subheading "ROBERT YOUNG".   Defendant does not have sufficient

5   knowledge, or information or belief, to enable Defendant to answer the allegations contained within

6   such paragraph, as stated, and on those grounds deny generally and specifically each and every

7   allegation contained therein – and Defendant denies all liability and/or wrongdoing.

8       54.     Answering paragraph 54 of the Complaint, under the header "FACTUAL

9   ALLEGATIONS" and subheading "TERRY THOMAS".   Defendant does not have sufficient

10  knowledge, or information or belief, to enable Defendant to answer the allegations contained within

11  such paragraph, as stated, and on those grounds deny generally and specifically each and every

12  allegation contained therein – and Defendant denies all liability and/or wrongdoing.

13      55.     Answering paragraph 55 of the Complaint, under the header "FACTUAL

14  ALLEGATIONS" and subheading "TERRY THOMAS".   Defendant does not have sufficient

15  knowledge, or information or belief, to enable Defendant to answer the allegations contained within

16  such paragraph, as stated, and on those grounds deny generally and specifically each and every

17  allegation contained therein – and Defendant denies all liability and/or wrongdoing.

18      56.     Answering paragraph 56 of the Complaint, under the header "FIRST CAUSE OF

19  ACTION": Defendant repeats, reiterates, and re-alleges all of the admissions and denials contained

20  in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1

21  through 55, inclusive, of the Complaint.

22      57.     Answering paragraph 57 of the Complaint, under the header "FIRST CAUSE OF

23  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

24  Defendant to answer the allegations contained within such paragraph, as stated, and on those

25  grounds deny generally and specifically each and every allegation contained therein.

26      58.     Answering paragraph 58 of the Complaint, under the header "FIRST CAUSE OF

27  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129549778.1                                11                    Case No. 3:23-cv-03773-SI

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

1  Defendant to answer the allegations contained within such paragraph, as stated, and on those

2  grounds deny generally and specifically each and every allegation contained therein.

3       59.    Answering paragraph 59 of the Complaint, under the header "SECOND CAUSE OF

4  ACTION": Defendant repeats, reiterates, and re-alleges all of the admissions and denials contained

5  in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1

6  through 58, inclusive, of the Complaint.

7       60.    Answering paragraph 60 of the Complaint, under the header "SECOND CAUSE OF

8  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

9  Defendant to answer the allegations contained within such paragraph, as stated, and on those

10  grounds deny generally and specifically each and every allegation contained therein – and Defendant

11  denies all liability and/or wrongdoing.

12       61.    Answering paragraph 61 of the Complaint, under the header "SECOND CAUSE OF

13  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

14  Defendant to answer the allegations contained within such paragraph, as stated, and on those

15  grounds deny generally and specifically each and every allegation contained therein – and Defendant

16  denies all liability and/or wrongdoing.

17       62.    Answering paragraph 62 of the Complaint, under the header "SECOND CAUSE OF

18  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

19  Defendant to answer the allegations contained within such paragraph, as stated, and on those

20  grounds deny generally and specifically each and every allegation contained therein – and Defendant

21  denies all liability and/or wrongdoing.

22       63.    Answering paragraph 63 of the Complaint, under the header "SECOND CAUSE OF

23  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

24  Defendant to answer the allegations contained within such paragraph, as stated, and on those

25  grounds deny generally and specifically each and every allegation contained therein – and Defendant

26  denies all liability and/or wrongdoing.

27       64.    Answering paragraph 64 of the Complaint, under the header "SECOND CAUSE OF

28  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

129549778.1         12         Case No. 3:23-cv-03773-SI
DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

1  Defendant to answer the allegations contained within such paragraph, as stated, and on those

2  grounds deny generally and specifically each and every allegation contained therein – and Defendant

3  denies all liability and/or wrongdoing.

4          65.     Answering paragraph 65 of the Complaint, under the header "SECOND CAUSE OF

5  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

6  Defendant to answer the allegations contained within such paragraph, as stated, and on those

7  grounds deny generally and specifically each and every allegation contained therein – and Defendant

8  denies all liability and/or wrongdoing.

9          66.     Answering paragraph 66 of the Complaint, under the header "SECOND CAUSE OF

10 ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

11 Defendant to answer the allegations contained within such paragraph, as stated, and on those

12 grounds deny generally and specifically each and every allegation contained therein – and Defendant

13 denies all liability and/or wrongdoing.

14         67.     Answering paragraph 67 of the Complaint, under the header "THIRD CAUSE OF

15 ACTION": Defendant repeats, reiterates, and re-alleges all of the admissions and denials contained

16 in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1

17 through 66, inclusive, of the Complaint.

18         68.     Answering paragraph 68 of the Complaint, under the header "THIRD CAUSE OF

19 ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

20 Defendant to answer the allegations contained within such paragraph, as stated, and on those

21 grounds deny generally and specifically each and every allegation contained therein.

22         69.     Answering paragraph 69 of the Complaint, under the header "THIRD CAUSE OF

23 ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

24 Defendant to answer the allegations contained within such paragraph, as stated, and on those

25 grounds deny generally and specifically each and every allegation contained therein.

26         70.     Answering paragraph 70 of the Complaint, under the header "FOURTH CAUSE OF

27 ACTION": Defendant repeats, reiterates, and re-alleges all of the admissions and denials contained

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 69, inclusive, of the Complaint.

71. Answering paragraph 71 of the Complaint, under the header "FOURTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

72. Answering paragraph 72 of the Complaint, under the header "FOURTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

73. Answering paragraph 73 of the Complaint, under the header "FOURTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

74. Answering paragraph 74 of the Complaint, under the header "FIFTH CAUSE OF ACTION": Defendant repeats, reiterates, and re-alleges all of the admissions and denials contained in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1 through 73, inclusive, of the Complaint.

75. Answering paragraph 75 of the Complaint, under the header "FIFTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein – and Defendant denies all liability and/or wrongdoing.

76. Answering paragraph 76 of the Complaint, under the header "FIFTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Defendant to answer the allegations contained within such paragraph, as stated, and on those

2   grounds deny generally and specifically each and every allegation contained therein – and Defendant

3   denies all liability and/or wrongdoing.

4        77.     Answering paragraph 77 of the Complaint, under the header "FIFTH CAUSE OF

5   ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

6   Defendant to answer the allegations contained within such paragraph, as stated, and on those

7   grounds deny generally and specifically each and every allegation contained therein – and Defendant

8   denies all liability and/or wrongdoing.

9        78.     Answering paragraph 78 of the Complaint, under the header "FIFTH CAUSE OF

10  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

11  Defendant to answer the allegations contained within such paragraph, as stated, and on those

12  grounds deny generally and specifically each and every allegation contained therein – and Defendant

13  denies all liability and/or wrongdoing.

14       79.     Answering paragraph 79 of the Complaint, under the header "FIFTH CAUSE OF

15  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

16  Defendant to answer the allegations contained within such paragraph, as stated, and on those

17  grounds deny generally and specifically each and every allegation contained therein – and Defendant

18  denies all liability and/or wrongdoing.

19       80.     Answering paragraph 80 of the Complaint, under the header "FIFTH CAUSE OF

20  ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable

21  Defendant to answer the allegations contained within such paragraph, as stated, and on those

22  grounds deny generally and specifically each and every allegation contained therein – and Defendant

23  denies all liability and/or wrongdoing.

24       81.     Answering paragraph 81 of the Complaint, under the header "SIXTH CAUSE OF

25  ACTION": Defendant repeats, reiterates, and re-alleges all of the admissions and denials contained

26  in the foregoing Answer which are set forth to each and every allegation contained in paragraphs 1

27  through 80, inclusive, of the Complaint.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

82.     Answering paragraph 82 of the Complaint, under the header "SIXTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

83.     Answering paragraph 83 of the Complaint, under the header "SIXTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

84.     Answering paragraph 84 of the Complaint, under the header "SIXTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

85.     Answering paragraph 85 of the Complaint, under the header "SIXTH CAUSE OF ACTION": Defendant does not have sufficient knowledge, or information or belief, to enable Defendant to answer the allegations contained within such paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

86.     Answering Plaintiffs' Prayer for relief, Defendant denies all liability to Plaintiffs, including, but not limited to, all liability for any and all damages, including, but not limited to, compensatory damages; statutory damages; attorneys' fees; costs of any kind; punitive and exemplary damages against Defendant; and/or for any relief of any kind from Defendant to Plaintiffs.

## **AFFIRMATIVE DEFENSES**

1.     As separate and affirmative defenses, Defendant alleges as follows[1]:

---

[1] For purposes of affirmative defenses, affirmative defenses that reference "Plaintiffs" shall also be construed to apply, wherever feasible, to Plaintiffs' decedent.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Claim, Statute of Limitations)

2.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

3.      Plaintiffs' Complaint also fails to state a claim against any defendant in this action.

4.      Plaintiffs' claims are time-barred by the operative statutes of limitations (including, but not limited to, Cal. Code Civ. Proc. § 335.1).

### SECOND AFFIRMATIVE DEFENSE

#### (Tort Claims Act Violation)

5.      This action is barred by the Plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

6.      The Complaint is barred based on Plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

### THIRD AFFIRMATIVE DEFENSE

#### (Waiver, Estoppel, Unclean Hands)

7.      Defendant alleges that Plaintiffs' action is barred by reason of conduct, actions, and inactions of Plaintiffs which amount to and constitute a waiver of any right Plaintiffs may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop Plaintiffs from recovery in this action, including, but not limited to, the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

8.      Plaintiffs' claims are barred or limited to the extent Plaintiffs failed to mitigate Plaintiffs' injuries or damages, if there were any.  Plaintiffs failed to mitigate the damages, if any, which Plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiffs failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries, and failed to take reasonable precautions to reduce any injuries and damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

### FIFTH AFFIRMATIVE DEFENSE

2

**(Contributory and/or Comparative Liability)**

3    9.    Plaintiffs' claims are barred or limited by Plaintiffs' contributory/comparative

4   negligence or other conduct, acts, or omissions, and to the extent any Plaintiffs suffered any injury

5   or damages, it was the result of Plaintiffs' own negligent or deliberate actions or omissions.

6    10.    Plaintiffs' recovery is barred because any injury or damage suffered by Plaintiffs was

7   caused solely by reason of the Plaintiffs' wrongful acts and conduct and the willful resistance to a

8   peace officer in the discharge their duties.  The conduct set forth in the Complaint, if and to the

9   extent it occurred, was privileged and justified and done with a good faith belief that it was correct

10   and no action may be taken against the answering Defendant on account of such conduct.

11

### SIXTH AFFIRMATIVE DEFENSE

12

**(Public Entity/Employee Immunity for Others' Torts)**

13    11.    Plaintiffs' recovery is barred because public entities and employees are immune from

14   liability for any injury caused by the act or omission of another person. Cal. Gov. Code §§ 815 *et*

15   *seq.*, 820.2 *et seq.*

16    12.    The answering Defendant is informed and believes and thereon alleges that if

17   Plaintiffs sustained any injury or damages, such injury or damages were solely caused or contributed

18   to by the wrongful conduct of other entities or persons other than the answering Defendant.  To the

19   extent that Plaintiffs' damages were so caused, any recovery by Plaintiffs as against the answering

20   defendant should be subject to proportionately comparative equitable indemnity/contribution from

21   such third parties.

22

### SEVENTH AFFIRMATIVE DEFENSE

23

**(Public Entity/Employee Immunity for Discretionary Acts)**

24    13.    There is no liability for any injury or damages, if there were any, resulting from an

25   exercise of discretion vested in a public employee, whether or not such discretion was abused. Cal.

26   Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq.*

27    14.    Plaintiffs' recovery is barred because public entities and employees are immune from

28   liability for discharging their mandatory duties with reasonable diligence.

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

15. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by their issuance, denial, suspension or revocation or by their failure or refusal to issue, denies, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where they are authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Cal. Gov. Code §§ 818.2, 818.4, 818.8, 821, and 821.2. Based thereon, answering Defendant is immune from liability for any injuries claimed by Plaintiffs, herein.

16. The answering Defendant is immune for any detriment resulting from any of its actions or omissions at the time of the incident of which Plaintiffs complain pursuant to Cal. Gov. Code §§ 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, Cal. Gov. Code §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Cal. Gov. Code §§ 854, *et seq.*, including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## EIGHTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

17. To the extent that the Complaint attempts to predicate liability upon the answering public entity Defendant or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Cal. Gov. Code §§ 815.2 and 820.2 and *Herndon v. Cnty. of Marin*, 25 Cal. App. 3d 933, 935, 936 (1972), *rev'd on other grounds by Sullivan v. County of Los Angeles*, 12 Cal.3d 710 (1974); and by the lack of any duty running to any Plaintiffs; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. Cnty. of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

18. This Defendant may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Gov. Code §§ 844.6, 845.6; Cal. Civ. Code § 2351; *Malloy v. Fong*, 37 Cal.2d 356, 378-379(1951); *Monell v. Dep't of*

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  *Soc. Servs.*, 436 U.S. 658 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 645-646 (9th Cir.

2  1991); *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*,

3  475 U.S. 796 (1986).

### NINTH AFFIRMATIVE DEFENSE

#### (Qualified Immunity & Good Faith Immunity)

6      19.    Defendant and its agents or officers at all times relevant to this action acted

7  reasonably and prudently under the circumstances.  Defendant therefore asserts any individual

8  defendants' (that may be named by Plaintiffs) Qualified Immunity from liability to the fullest extent

9  applicable.

10      20.    Defendant is immune from liability under the Federal Civil Rights Act because they

11  acted in good faith with an honest and reasonable belief that their actions were necessary and

12  appropriate.  Defendant is immune from liability under the Federal Civil Rights Act because a

13  reasonable police officer could believe that their acts and conduct were appropriate. Defendant is

14  immune from liability under the Federal Civil Rights Act because their conduct did not violate

15  clearly established rights. Defendant is also immune from liability under the doctrine of Qualified

16  Immunity.

17      21.    At all relevant times, Defendant and its agents or officers acted within the scope of

18  discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable

19  statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their

20  actions comported with all applicable federal and state laws.  *Harlow v. Fitzgerald*, 457 U.S. 800

21  (1982) ; Cal Gov. Code §§ 815.2, 820.2.

### TENTH AFFIRMATIVE DEFENSE

#### (Assumption of Risk)

24      22.    At the time and place referred to in the Complaint, and before such event, Plaintiffs

25  knew, appreciated, and understood each and every risk involved in placing themselves in the

26  position which Plaintiffs then assumed, and willingly, knowingly, and voluntarily assumed each of

27  such risk, including, but not limited to, the risk of suffering personal bodily injury, lawful

28  deprivation of rights, and/or death.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

1

2

### JURY DEMAND

3        23.        Defendant demands a trial by jury as to each issue triable by jury.

4

5

### PRAYER FOR RELIEF

6        WHEREFORE, the answering Defendant prays as follows:

7        1.        That the Complaint be dismissed, with prejudice, and in its entirety;

8        2.        That Plaintiffs takes nothing by reason of this Complaint and that judgment be

9   entered against Plaintiffs and in favor of Defendant;

10        3.        That Defendant be awarded attorneys' fees and costs of this suit and costs of proof;

11   and

12        4.        That Defendant be awarded such other relief as the Court deems just.

13

14   DATED:  September 19, 2023

                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

15

16

17                                        By:    _/s/ Tony M. Sain_
                                                TONY M. SAIN
18                                              TORI L. N. BAKKEN
                                                Attorneys for Defendant,
19                                              CITY OF ANTIOCH

20

21

22

23

24

25

26

27

28



DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED

**FEDERAL COURT PROOF OF SERVICE**
Robinson, et al. v. City of Antioch, et al.
3:23-cv-03773-SI

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On September 19, 2023, I served the following document(s): DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on September 19, 2023, at Los Angeles, California.


_____
/s/ Abigail J. R. McLaughlin
Abigail J. R. McLaughlin



DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED

**SERVICE LIST**
**Robinson, et al. v. City of Antioch, et al.**
**3:23-cv-03773-SI**

John L. Burris
Benjamin Nisenbaum
James Cook
BURRIS, NISENBAUM, CURRY & LACY, LLP
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Tel.: (510) 839-5200
Fax: (510) 839-3882
Email: John.Burris@bncllaw.com
Email: Ben.Nisenbaum@bncllaw.com
Email: James.Cook@bncllaw.com

Attorneys for Plaintiffs,
TERRY DWAYNE ROBINSON, JR.,
MANDINGO CAIN, AMADEO GARCIA, JR.,
ARON TYSON, DAUNTE GELLINGTON,
ROBERT YOUNG, and TERRY THOMAS



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Case No. 3:23-cv-03773-SI
DEFENDANT CITY OF ANTIOCH'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR
DAMAGES; JURY TRIAL DEMANDED