UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ROBINSON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF ANTIOCH, et al.,<br><br>        Defendants. | Case No. 23-cv-03773-VC<br><br>**ORDER FOLLOWING CASE MANAGEMENT CONFERENCE** |

This order summarizes the rulings from the November 30, 2023 case management conference:
- The cases are consolidated for pretrial purposes. The lead case will be *Allen et al v. City of Antioch et al*, No. 23-cv-01895; the clerk's office is directed to close *Robinson et al v. City of Antioch et al*, No. 23-cv-03773.
- Counsel for the plaintiffs stated that a third, similar case will be filed shortly, and that a motion will be filed to relate the new case to this consolidated case. Assuming the Court grants the motion to relate, and assuming the Court consolidates the new case with the current one, the plaintiffs will be ordered to file one consolidated amended complaint. Given the unsettled nature of the pleadings, all deadlines to respond to the current complaints are vacated.
- The pending motion to dismiss in *Robinson* is denied as moot given that a consolidated amended complaint will be filed. To expedite the litigation and adjudication of this case, counsel for the plaintiffs is urged to consider carefully whether any defects exist in the current complaints relating to the specificity of the allegations against any individual defendant, and to cure those defects in the consolidated complaint.
- Discovery may begin immediately, except that no discovery requests can be made of the three individual defendants who have been indicted. If any other defendant believes that responding to discovery requests would threaten their Fifth Amendment rights, they may file a motion seeking a discovery stay. If the plaintiffs believe they should be permitted to serve some discovery requests on the defendants who have been indicted while the stay remains in place, they may file a motion explaining how responding to such requests would not interfere with the defendants' Fifth Amendment rights.

- Later in the proceedings, the Court will solicit proposed trial plans from the parties. The Court will decide at that time whether the plaintiffs' cases should be tried individually or in groups.
- The next case management conference is scheduled for January 12, 2024 at 9:00 a.m on Zoom. A joint case management statement is due January 5. In this statement, and in future statements, the parties need not adhere to the usual format for case management statements filed in the Northern District. But the statements should always remind the Court of what was decided at the prior case management conference and then tee up any issues that need to be discussed at the upcoming conference.
- At the January 12 conference, the parties should be prepared to suggest deadlines for filing a consolidated amended complaint and responding to that complaint. The Court is not sure, in light of the pending criminal actions, whether it is premature to set discovery cutoff dates and a dispositive motion date. In advance of the conference, the parties should also discuss whether they would like to jointly request referral to a particular magistrate judge for discovery purposes. And if the parties are interested in a settlement conference with a magistrate judge, they should inform the Court whether they jointly request someone for that purpose.

**IT IS SO ORDERED.**

Dated: December 1, 2023

_____
VINCE CHHABRIA
United States District Judge